**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br>Juan Alberto Acevedo Hernandez,<br>Debtor. | Case No.: 22-14525-CMG<br>Chapter: 7 |
| ANDREA DOBIN, Chapter 7 Trustee<br>Plaintiff,<br>v.<br>ST. ANDREWS ESTATES 26, LLC, *et al.*,<br>Defendants. | Adv. No.: 22-01241-ABA<br>Judge: Andrew B. Altenburg, Jr. |

**MEMORANDUM DECISION**

      Before the court is the adversary proceeding initiated by the Chapter 7 Trustee, Andrea Dobin, against Defendants, St. Andrews Estates 26, LLC ("Estates 26"), Candor Capital, LLC ("Candor"), Shlomo Sinay ("Sinay"), Charles Wurzberger a/k/a Chaim Wurzberger ("Wurzberger"),[1] Express Homebuyers Corp. ("EHC"), PennyMac Corp. ("PennyMac"),[2] U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank"), and Rushmore Loan Management Services, LLC ("Rushmore"), through her Complaint (Doc. No. 1) as amended (Doc. No. 13). Currently before the court is the 26 LLC Defendants Motion to Dismiss (Doc. No. 122), which was converted to a Motion for Summary Judgment, the Trustee's Cross Motion for Leave to Amend Complaint Pursuant to Fed. R. Bankr. P. 7015 and F.R.C.P. 15(a)(2) (Doc. No. 141), and Defendants Motion to Quash Discovery (Doc. No. 122). Following several hearings on the motions and having considered the parties written submissions the court concludes: (1) the Trustee shall be granted leave to amend her complaint; (2) the 26 LLC Defendants' motion shall be denied; and (3) the Motion to Quash Discovery shall be granted in part and denied in part.

---

[1] Estates 26, Candor, Sinay, and Wurzberger will be collectively referred to as the "26 LLC Defendants."

[2] PennyMac was dismissed from the AP by stipulation on August 22, 2022. Doc. No. 14.

1

## JURISDICTION AND VENUE

This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), (K) and (O) and the court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334, 157(a), and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 506, 542, 544, 550 and Bankruptcy Rule 7001. Pursuant to Federal Rule of Bankruptcy Procedure 7052, the court issues the following findings of fact and conclusions of law.

## FACTS AND PROCEDURAL BACKGROUND

On June 7, 2022 (the "Petition Date"), the Debtor Juan Alberto Acevedo Hernandez filed a petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor disclosed an interest in the real property located at 26 St. Andrews Place, Brooklyn, New York (the "Property") as an asset of his bankruptcy estate. In April 2007, the Debtor purchased the "Property" financed by two (2) mortgages in the amounts of $560,000.00 and $140,000.00. Doc. No. 13 at ¶¶ 19-20. By the end of 2007, the Debtor struggled to make his mortgage payments.[3] The Property has a tortured history which the court will review below.

On September 7, 2011, the Debtor entered into a contract to sell the Property to EHC. Essentially, the contract provided for the Debtor to sell the Property to EHC free and clear of a liens for $250,000.00 through a short sale. *See* Doc. No. 109-1, ¶ 28. The sale in accordance with the terms of the sale agreement was never consummated. Instead, On June 24, 2013, the Debtor transferred the Property to Estates 26 via bargain and sale deed. It is unclear what the Debtor received from 26 LLC Defendants in return for transfer of the deed. The deed transferring the Property to Estates 26 was recorded with the New York City Register on October 16, 2014. Doc. No. 13, ¶25. Estates 26 was formed in May 2013 by Sinay and Wurzberger. Doc. No. 13, ¶7. Candor is another company owned by Sinay and Wurzberger. Doc. No. 13, ¶14.

On February 23, 2012, EHC commenced an action against the Debtor for specific performance of the sale agreement in the New York Supreme Court (the "EHC Action") and filed a "Notice of Pendency" which was extended by Order of the New York Supreme Court. *See* Doc. No. 109-1. On April 3, 2015, EHC filed an amended complaint in the EHC Action adding Estates 26 as a defendant. *See* Doc. No. 109-1, ¶¶ 32, 36. The EHC Action was settled in 2019 by an order approved by the state court. The 2019 Order provided for specific enforcement of the sale contract entered into by the Debtor and EHC and voided the deed between the Debtor and Estates 26 upon fulfillment of certain conditions. The Debtor and the 26 LLC Defendants failed to comply with the 2019 Order and at the time the Debtor filed for bankruptcy, the property was still deeded in Estates 26. Doc. No. 13, ¶27. This court subsequently granted EHC stay relief to pursue its remedies in state court. Doc. No. 134.

---

[3] The $140,000.00 mortgage was satisfied on March 10, 2020, but the $560,000.00 mortgage remains outstanding. *Id.* at ¶21.

In 2016, the Debtor was a plaintiff in a lawsuit captioned *Juan Acevedo v. St. Andrews Estates 26 LLC*, (the "NY Action") commenced in the Supreme Court of New York, seeking to rescind the transfer of the Property out of his name base upon either breach implied contract, fraudulent inducement, or breach of contract. Doc. No. 122-4. The complaint was amended (the "Amended NY Complaint") to seek recission based on implied breach of contract; (2) negligent misrepresentation; and (3) rescission pursuant to RPL (Real Property Law) §265-a. Doc. No. 155-1. The Debtor and Wurzberger negotiated a settlement (the "Acevedo Settlement") on September 16, 2016, which provided that the Debtor would receive a 25% interest in the property and 25% of the rental payments and if the Property was ever sold, the Debtor would receive 25% of the net profits of the sale. Doc. No. 143-1. The 26 LLC Defendants paid the Debtor 25% of rents from January 2017 until the rents were turned over to the Trustee. The Debtor did not receive any rental income from the property from July 2013 through December 2016.

Additionally, because neither the Debtor nor the 26 LLC Defendants were making adequate mortgage payments PennyMac initiated a foreclosure action (the "Foreclosure Action") against the Debtor in New York state court in 2015. At the time of the Debtor's bankruptcy filing, the Foreclosure Action was still pending. This court granted stay relief to U.S. Bank and Rushmore to proceed in the Foreclosure action on July 9, 2024.[4] Doc. No. 84.

On June 8, 2022, the Trustee was appointed to serve as the Chapter 7 Trustee, with the duties described in 11 U.S.C. § 704 to collect and reduce to money the property of the estate. In connection therewith, the Complaint in this adversary proceeding was filed on July 26, 2022, concerning the ownership of the Property. The Complaint was subsequently amended. Doc. No. 13. The Amended Complaint raises six causes of action: (1) avoidance of transfer of the Property pursuant to 11 U.S.C. § 544(b)/New York Debtor and Creditor Law §276; (2) avoidance of the transfer of the Property as a constructively fraudulent transfer pursuant 11 U.S.C. § 544(b)/26 U.S.C. §§6502(a)(1), 6901(a)(1)(A), the New York Uniform Fraudulent Conveyance Act, Debtor & Creditor Law §273.2; (3) accounting and turnover pursuant to 11 U.S.C. § 542 against Estates 26 and Candor; (4) fraud-personal liability against Sinay and Wurzberger; (5) imposition of a stay pursuant to 11 U.S.C. § 362 and determination of extent and validity of lien pursuant to 11 U.S.C. § 506 against U.S. Bank and Rushmore; and (6) determination of extent and validity of lien, claim. The 26 LLC Defendants filed an Answer. Doc. No. 45. EHC filed an Amended Answer and Counterclaim. Doc. No. 74. The Trustee filed an answer to the EHC's Counterclaim. Doc. No. 74. A proposed compromise and settlement was reached by the Trustee and the 26 LLC Defendants in March 2024. However, the proposed settlement did not proceed due to EHC's objection.[5]

---

[4] In 2018, PennyMac transferred its interest in the Property to U.S. Bank whose servicer is Rushmore. Doc. No. 13, ¶35.

[5] The litigation stalled in mid-June 2024 due to the 26 LLC Defendants complete failure to participate in the litigation. EHC filed a request for entry of default against the Estates 26, Sinay, and Wurzberger for failure to answer its Counterclaim. Doc. No. 76. Default was entered against the Estates 26, Sinay, and Wurzberger on July 3, 2024. Doc. Nos. 78-80. The court also entered an order compelling the 26 LLC Defendants to comply with the Trustee's discovery demands on June 20, 2024. Doc. No. 77. On July 16, 2024, Solomon Rosengarten, the attorney for the 26 LLC defendants, filed a Motion to Withdraw as Attorney. Doc. No. 85. The motion was granted on August 6, 2024. The 26 LLC Defendants failed to comply with court's order compelling discovery responses and consequently the court entered an order Striking the Answer of [the 26 LLC Defendants] and Entering Default. Doc. No. 95. The Trustee then filed Motion for Contempt against [the 26 LLC Defendants]. Doc. No. 98. In response, Mr. Rosengarten entered his request for appearance on September 27, 2024. Doc. No. 99. The 26 LLC Defendants filed an Opposition to the

3

On October 14, 2024, EHC filed a Motion for Summary Judgment on its Counterclaim. Doc. No. 102. As noted above, this court granted stay relief to EHC to pursue enforcement of the 2019 Order. The court also authorized the Trustee to seek any remedies she believed were appropriate including seeking relief from the 2019 Order. Doc. No. 134. By way of Status Letter dated March 25, 2025, the Trustee advised the court she would not be pursuing relief from the 2019 Order in the EHC Action but rather would "focus on the estate's claims against the 26 LLC Defendants for turnover of the rent received from the Property." Doc. No. 150.

The court finally arrives at the motions before it — the Motion to Dismiss Case for other reasons re: Plaintiff Cannot Relitigate Settled Case — filed by the 26 LLC Defendants on December 4, 2024. Doc. No. 122. This filing also included a Motion to Quash. The gist of the Motion to Dismiss is that the allegations in the Amended Complaint mirror the cause of action the Debtor brought in NY Action in 2016 and settled via the Acevedo Settlement. Accordingly, the 26 LLC Defendants assert that the Trustee cannot relitigate a settled matter. In the alternative, the 26 LLC Defendants seek to quash certain discovery demands related to Wurzberger's, Sinay's, and Candor's bank accounts, ownership interests in other entities, and tax returns.

The Trustee responded by filing a Cross Motion re: Leave to Amend Complaint Pursuant to Fed. R. Bankr. P. 7015 and F.R.C.P. 15(a)(2). Doc. No. 141. The Cross Motion to Amend seeks to add a count seeking to avoid the Acevedo Settlement as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and/or 26 U.S.C. §§6502(a)(1), 6901(a)(1)(A). The Trustee alleges the Acevedo Settlement is avoidable as a constructively fraudulent transfer pursuant to New York Uniform Fraudulent Conveyance Act Debtor & Creditor Law §273 because the Debtor received less than reasonably equivalent value in exchange for entering into the Acevedo Settlement at a time that the Debtor was insolvent or became insolvent as a result of the transfer of the Property. The Trustee seeks a determination that the Acevedo Settlement is a void fraudulent transfer pursuant to 11 U.S.C. 1144 and Section 273, attorneys' fees and costs, and pre-judgment interest.

On February 27, 2025, the 26 LLC Defendants filed a Reply to the Opposition to the Motion to Dismiss and/or Quash (Doc. No. 142).

EHC filed a letter brief opposition to the Motion to Dismiss on March 18, 2025 (Doc. No. 148). EHC provided a status letter on March 31, 2025 (Doc. 150). On May 1, 2025, the Trustee filed a Reply to Opposition to Cross Motion to Amend the Complaint (Doc. No. 151). On May 7, 2025, the 26 LLC Defendants filed a Reply to the EHC's Opposition to the Motion to Dismiss (Doc. No. 152).

---

Motion for Contempt and a Motion to Vacate Order Striking Answers. Doc. Nos. 101, 102. The Motion for Contempt was denied and the Motion to Vacate was granted conditioned upon the 26 LLC Defendants provision of discovery responses, payment of $9,349.00 to the Trustee by either Estates 26 or Candor and payment of $22,207.16 to the Trustee by the 26 LLC Defendants. The 26 LLC Defendants paid the required monies and provided some discovery responses while seeking to quash other discovery requests. The 26 LLC Defendants non-compliance with the Trustee's discovery requests did not end as the Trustee filed an Application for Order to Show Cause, which the court granted, (Doc. No. 128 and 129). On February 27, 2025, the court then ordered the 26 LLC Defendants to comply with the discovery requests within 14 days and barred the presentation at trial of any documents not produced within 14 days. Doc. No.144.

On May 14, 2025, the court held a hearing on the Motion to Dismiss and the Cross Motion. At the hearing, the court converted the 26 LLC Defendants' Motion to Dismiss to a Motion for Summary Judgment (herein after the "SJ Motion"). The court found that it was procedurally improper to file a motion to dismiss after the filing of answers[6] and that the 26 LLC Defendants had attached documents outside the pleadings to their Motion to Dismiss.[7] The court ordered the parties to provide supplemental briefing on the motion for summary judgment standard. Doc. No. 154.[8]

The Trustee filed a letter brief on June 6, 2025. Doc. No.155. The 26 LLC Defendants filed a letter brief response specifically raising *res judicata* for the first time. Doc. No. 156. The court then offered the Trustee the opportunity to respond to 26 LLC Defendants' arguments pertaining to *res judicata*. Doc. No. 157. The Trustee filed response letter brief. (Doc. No. 159) and the 26 LLC Defendants filed a reply (Doc. No. 160).

The record is now closed. The court will address the Trustee's Cross Motion to Amend Complaint first and then address the 26 LLC Defendants SJ Motion and the Motion to Quash.

## DISCUSSION

**I.  CROSS MOTION TO AMEND COMPLAINT**

  **A.  The Law**

Pursuant Fed. R. Civ. P. 15 made applicable in adversary proceedings by Fed. R. Bankr. P. 7015 "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant leave to amend is left within the discretion of the court. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 141 (3d Cir. 1998). A court may deny a motion to amend if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Luciani v. City of Phila.*, 643 F. App'x 109, 111 (3d Cir. 2016) (other citations omitted). Futility is grounds for denial of leave to amend if the proposed amendment cannot state a claim on which relief can be granted or

---

[6] *See Bhatt v. Comm'r of N.J. DOL*, Civil Action No. 3:16-cv-5654-BRM-DEA, 2018 U.S. Dist. LEXIS 159579, at *1, 2018 WL 4489678, at *1 (D.N.J. Sep. 18, 2018) (Because defendant filed an answer before filing motion to dismiss court was required to consider motion as motion for judgment on the pleadings). *Dare v. Twp. of Hamilton*, No. 13-1636, 2013 U.S. Dist. LEXIS 164129, at *6-7, 2013 WL 6080440, at *1 (D.N.J. Nov. 18, 2013) ("Because the Defendants previously filed an answer, the Court will construe this motion as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.").

[7] Federal Rule 12(d) directs that when matters outside the pleadings are offered and not excluded by the court, the court must convert a motion to dismiss or a motion for judgement on the pleadings into a motion for summary judgment. F.R.C.P. 12(d). The 26 LLC Defendants attached as exhibits to the Motion to Dismiss: (1) the complaint filed in the NY Action, (2) the Acevedo Settlement, (3) leases and lease renewals for the Property, (4) the transcript of Debtor's August 3, 2023 deposition, and (5) a NY Action docket sheet.

[8] The court also denied the 26 LLC Defendants' Motion to Dismiss as to EHC. Doc. No. 154.

withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Futility is therefore assessed under the Rule 12(b)(6) standard.[9] *Id.*

### B. The Parties' Arguments

The Trustee seeks to amend her complaint to add a count to set aside the Acevedo Settlement as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and/or 26 U.S.C. §§ 6502(a)(1), 6901(a)(1)(A) and the Debtor & Creditor Law § 273 because the Debtor did not receive reasonably equivalent value. Doc. No. 141-5 at 9-13; Doc. Nos. 151-1, 151-2.

The Trustee alleges that the amendment relates to the facts of the original complaint and that she was unaware of the Acevedo Settlement before filing the original complaint because the settlement was not docketed. The Trustee argues that there is no prejudice to the 26 LLC Defendants as they, unlike the Trustee, had knowledge of the Acevedo Settlement at all times and did not disclose its existence. The Trustee asserts her amendment is made in good faith and that the amendment will not produce undue delay as discovery is ongoing and the Trustee has disclosed her intent to consolidate this adversary with the *Acevedo v. St. Andrews Estates 26, LLC*, Adv. Pro. No. 24-1544. Finally, the Trustee contends that an amendment would not be futile as she has plausibly alleged the Acevedo Settlement is little more than a fraudulent transfer to the detriment of creditors of the estate.

The Trustee avers that she only became aware of the Acevedo Settlement after the filing of the Complaint not three years ago as alleged by the 26 LLC Defendants. The Trustee argues that the delay in amending the complaint was caused by the 26 LLC Defendants failure to provide an accounting of rent until the December 2024. Further, mere delay without a showing of bad faith or undue prejudice is not sufficient grounds to deny amendment. Doc No. 151. at 2 citing *In re Allserve Systems Corp.*, 379 B.R. 69, 74 (Bankr. D.N.J. 2007). The Amended Complaint demonstrates that amendment is not futile as the Trustee set forth in full detail the harm to the Debtor and creditors by the 26 LLC Defendants' continued fraudulent conduct.

The 26 LLC Defendants filed an Opposition to the Cross Motion to Amend Complaint (Doc. No. 143-3). First, they argue that the Cross Motion must be denied because it raises issues

---

[9] As the Cross Motion to Amend Complaint was filed prior to the court's conversion of the Motion to Dismiss to a motion for summary judgment, the court believes it is still appropriate to consider the Cross Motion to Amend Complaint under the motion to dismiss standard articulated, i.e. futility under the Rule 12(b)(6). The court did not ask for additional briefing on the Cross Motion to Amend. The court notes that when a cross motion is made in response to a Fed. R. Civ. P. 56 motion for summary judgment, and the parties have fully briefed the issue whether the proposed amended complaint could raise a genuine issue of fact and have presented all relevant evidence in support of their positions even if the amended complaint would state a valid claim on its face, the court may deny the amendment as futile when the evidence in support of the plaintiff's proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law under Fed. R. Civ. P. 56(c). *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) citing *Azurite Corp. v. Amster & Co.*, 844 F. Supp. 929, 939 (S.D.N.Y. 1994) (denying plaintiff leave to amend complaint where proposed amendment "would be futile because the factual foundations of [its] new allegations are insufficient, as a matter of law, to withstand defendants' motion for summary judgment"), aff'd, 52 F.3d 15 (2d Cir. 1995); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990); *Cf. Hemphill v. Schott*, 141 F.3d 412, 420 (2d Cir. 1998) (applying summary judgment standard and allowing amendment).

which are not related to the original motion. *Id.* at 2 citing D.N.J. LBR 9013-2. Next, the 26 LLC Defendants argue the Cross Motion should be denied because the Trustee has known about the Acevedo Settlement since August 31, 2022 as admitted by the Trustee in her Memorandum of Law and explored at a August 3, 2023 deposition of the Debtor conducted by the Trustee's attorney. They argue that this undue delay mandates denial of the motion to amend. Doc. No. 143-3 at 3-4 citing *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263 (3d Cir. 2008) (three-year delay after discovery of facts). The 26 LLC Defendants assert the Trustee has failed to provide an adequate justification for the delay. *Id.* at 4 citing *Goow v. Wittig*, 558 F. App'x 257, 260 (3d Cir. 2001). The 26 LLC Defendants further argue that amendment would be futile because the Trustee has failed to state a claim as the only possible creditor who could have suffered a detriment, U.S. Bank, has not been harmed as its lien passes through the bankruptcy. They allege the Trustee has forwarded only bald assertions and unsupported conclusions which are inadequate to support amendment of the Complaint.

### C. Analysis

The court concludes that the Trustee should be granted leave to amend her complaint pursuant to Pursuant Fed. R. Civ. P. 15 made applicable in adversary proceedings by Fed. R. Bankr. P. 7015. The Trustee's proposed second amended complaint relates back to the prior complaints as it addresses an alleged ongoing fraud perpetrated by the 26 LLC Defendants against the Debtor and the property of the estate. The Trustee has creditably proffered that she did not move to amend her complaint sooner because of the 26 LLC Defendants' own dilatory responses to discovery requests. While the Trustee has not exhibited particular speed in moving to amend her complaint, the court accepts that the Trustee has not demonstrated undue delay, bad faith, or dilatory motives given the court's own experience with the 26 LLC Defendants' failures to participate in this litigation and to obey court orders. The court also cannot conclude the 26 LLC Defendants would be prejudiced as discovery is still ongoing, including the 26 LLC Defendants' own Motion to Quash Discovery related to the individual defendant's financial positions.

The court as discussed *infra* does not find that the amendment would be futile as the court cannot conclude that *res judicata* bars the Trustee's new claims.[10] The Trustee has adequately alleged that the Acevedo Settlement is an additional act of fraud perpetrated by the 26 LLC Defendants against the Debtor and the property of the estate. *Hatch v. Dep't for Child., Youth & Their Fams.*, 274 F.3d 12, 19 (1st Cir. 2001) (an amendment's futility turns on whether "the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.").

The court also rejects the 26 LLC Defendants assertion creditors will not be harmed because the lien on the Property passes through the bankruptcy. While that is true for a secured creditor such as U.S. Bank it is not true for unsecured creditors who could benefit if the Trustee was able to recover additional monies.

---

[10] The court notes that even if it had considered the Cross Motion to Amend under the summary judgment standard, the court would have concluded that amendment was proper based on its conclusion *infra* that *res judicata* does not bar the Trustee's pursuit of her claims.

## II.   THE SJ MOTION

### A.  The Law

A court may grant summary judgment under Federal Rule of Civil Procedure 56(a), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must construe facts and inferences in a light most favorable to the non-moving party. *See e.g. Lemaire v. Hartford Life & Acc. Ins. Co.,* 69 F. App'x 88, 91 (3d Cir. 2003) citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *S.E.C. v. Hughes Capital Corp.*, 124 F.3d 449, 452 (3d Cir. 1997). The moving party bears the burden of proving that no genuine issue of material fact is in dispute. *Celotex Corp.*, 477 U.S. at 323.

Once the movant carries its burden, if the non-moving party fails to properly address the movant's factual assertion, the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Additionally, the nonmoving party must present actual evidence, not mere allegations. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The court must then only determine whether there is a genuine issue for trial, not weigh the evidence or determine the truth of the matter. *Id.* at 248-49. Material facts are those that might affect the action's outcome under the law; fact issues must be genuine, not merely some alleged factual dispute. *Born v. Monmouth Cnty. Corr. Inst.*, 2009 WL 2058837, at *3 (D.N.J. July 9, 2009).

*Res judicata* bars litigation on a claim if an "earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021); *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 96 N.E.3d 737, 744 (N.Y. 2018) ("To establish [*res judicata*], a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions."). Courts apply New York law of *res judicata* to claims brought under New York law. *See Ferris v. Cuevas,* 118 F.3d 122, 125-26 (2d Cir. 1997). New York takes "a pragmatic and flexible attitude toward [*res judicata*], recognizing that the doctrine, if applied too rigidly, could work considerable injustice." *Simmons v. Trans Express Inc*., 170 N.E.3d 733, 736 (2021).

### B.  The Parties' Arguments

The 26 LLC Defendants argue that both the NY Action and the Trustee's complaint contain identical allegations regarding a promised short sale, a breach of that promise, and the failure to pay the Debtor fair compensation for the property. The 26 LLC Defendants argue that the adversary should be dismissed because the Trustee, who stepped into the shoes of the Debtor and is subject to all the same defenses as the Debtor, under New York law cannot relitigate a case that has been settled. Doc. 122-3 at 3-4 citing *Huli Ma v. Hui Chen,* 221 A.D.3d, 201 N.Y.S.3d 70, 74

8

(N.Y. App. Div. 2023) and *Burgos v. New York Presbyterian Hosp.*, 155 A.D.3d 598, 599, 65 N.Y.S3D 45, 48 (N.Y. App. Div. 2017).

According to the 26 LLC Defendants the Trustee has failed to allege any evidentiary support that they perpetrated a scam on the Debtor, who has never expressed dissatisfaction with the Acevedo Settlement. The 26 LLC Defendants argue that the transfer of a 25% interest from Estates 26 to Debtor could not detrimentally affect U.S. Bank's mortgage interest as the lien runs with property and grantee takes the property subject to the mortgage. Doc. No. 142 at 3 citing *Andy Associates, Inc. v. Bankers Trust Co.*, 399 N.E.2d 1160 (N.Y. Ct. App. 1979).

The 26 LLC Defendants assert that under New York Law, settlement agreements are entitled to *res judicata*. Doc. No. 156 at 2 citing *Matter of People of the State of New York, by Eliot Spitzer, as Attorney Gen. v Applied Card Sys., Inc.,* 11 N.Y.3d 105, 122 - 124, 863 N.Y.S. 615 (Ct. App. 2008) (*res judicata* bars successive litigation based upon the same transaction or series of connected transactions); *Pedote v. STP Assocs., LLC*, 124 A.D.3d 856, 856-857, 998 N.Y.S.2d 894 (N.Y. App. Div. 2015). The 26 LLC Defendants further argue that both the Amended NY Complaint and the Trustee's Complaint are based upon the same allegedly fraudulent acquisition of the Debtor's property and while based on different legal theories the Trustee's complaint is barred by *res judicata* because it is based on the same transaction as the Amended NY Complaint.

The 26 LLC Defendants also assert although Sinay and Wurzberger were not parties in the NY action because under New York law *res judicata* is applicable to parties who are in privity with the named parties. Doc. No. 156 at 2 citing *Green v Santa Fe Industries, Inc.*, 70 N.Y.2d 244, 253, 519 N.Y.S2d 793, 796 (Ct. App. 1987) (privity exists where the interest of the nonparty can be said to have been represented in the prior proceedings). Sinay's and Wurzburger's interests are identical to Estates 26 in the NY action as they are allegedly took action on behalf of Estates 26.

The 26 LLC Defendants argue the Trustee has failed to cite to any case apply the fraud exception to *res judicata* under New York law, which is the operable law in this case. Also, the Trustee has failed to provide any evidence the Acevedo Settlement was procured by fraud. The 26 LLC Defendants also argue the Acevedo Settlement did not require the Property to be sold and the Debtor has not been deprived of any benefits or monies. In the alternative, the failure to offer the Property for sale does not constitute fraud. Doc. No. 160 at 2 citing *Weatherguard Contractors Corp. v. Bernard*, 63 N.Y.S.3d 692, 155 A.D.3d 921 (N.Y. App. Div. 2017).

The Trustee opposes summary judgment arguing that the Acevedo Settlement was a fraudulent transfer to the detriment of creditors. The settlement allowed the 26 LLC Defendants to collect $204,000.00 while the Debtor received only $68,000.00. Because the property has not been sold the Debtor has been unable to realize the largest part of his bargained for consideration, his 25% interest in the property, while at the same time the mortgage remains unpaid, and the threat of sheriff's sale remains. Doc. No. 141-5 at 7. In addition to only receiving 25% of rental income from January 2017 forward, the Debtor was deprived of 100% of the rental income from 2013 through December 2016. The Trustee asserts a fraudulent transfer that occurs as part of settlement may be set aside. *Id.* at 8 citing *In re Hill*, 342 B.R. 183 (Bankr. D.N.J. 2006) (fraudulent transfer incorporated into and/or blessed by judgment of divorce is not a defense).

The Trustee asserts that the fraud exception to *res judicata* is applicable where a judgment has been procured by fraud or collusion. Doc. No. 159 at 2 quoting *In re Razzi*, 533 B.R. 469 (Bankr. E.D. Pa. 2015) (other citations omitted). The Trustee contends *res judicata* cannot be used to protect a fraudulent transaction. *Id.* citing *Staedler v. Staedler*, 6 N.J. 380, 390 (1951). The Trustee argues the Acevedo Settlement was an additional act of fraud committed by the 26 LLC Defendants in additional to original fraudulent transfer. The Trustee also notes that Sinay and Wurzberger were not parties to the NY Action or the Acevedo Settlement which is grounds to deny the SJ Motion. Doc. No. 155 at 2.

The Trustee also asserts that she is a fiduciary with regard to the Debtor's creditors and acts in their stead to collect and reduce to money the property of the estate. The Trustee argues that she represents the interest of pre-petition creditors whose interest do not align with those of the Debtor and therefore she is not in privity with the Debtor and cannot be bound by the Acevedo Settlement. Doc. No. 159 at 3 citing *In re Montgomery Ward*, 634 F.3d 732, 738 (3d Cir. 2011); *In re Good Time Charley's Inc.,* 54 B.R. 157 (Bankr. D.N.J. 1984).

C. **Analysis**

Based on the court's conclusion *supra* that the Trustee shall be permitted to amend her complaint, the court will consider the SJ Motion based on the proposed second amended complaint rather than the existing amended complaint. *ReadyCap Lending, LLC v. Lalwani*, No. 21-1251, 2021 Bankr. LEXIS 2091, at *1-2, 2021 WL 3412868, at *1 (Bankr. D.N.J. Aug. 3, 2021) ("When presented with a proposed amended complaint a court should consider the motion to dismiss based on the proposed complaint rather than the existing complaint.").[11] Additionally, the parties made varied arguments regarding (1) the procedural requirements of the New York state courts regarding settlement agreements, and (2) material issues of fact in dispute. The court is of the view that resolving the question of whether *res judicata* bars the Trustee's action is the only issue that needs to be decided at this time.[12] The court will address the requirement that the parties be in privity and that the matter involve the same cause of action.

"*Res judicata*, or claim preclusion, precludes a litigant from advancing in a new action all claims or defenses that were or could have been raised in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits." *In re PCH Assocs.*, 949 F.2d 585, 594 (2d Cir. 1991). A chapter 7 Trustee is the successor in interest to a debtor and bound by any judgments against a debtor as a debtor would be bound. *In re Worldcom, Inc.,* 401 B.R. 637, 646. (Bankr. S.D.N.Y. 2009). However, as the representative of the estate pursuant to 11 U.S.C. § 323(a), a trustee also represents the interests of all creditors of a debtor's bankruptcy estate. *Id.*; *In re Montgomery Ward, LLC*, 634 F.3d 732, 738 (3d Cir. 2011) (same); *In re Tzanides*, 574 B.R. 489, 522 (Bankr. D.N.J. 2017) (While a trustee may, under certain circumstances, be bound by the pre-petition acts of the debtor, the legal relationship between the

---

[11] While *ReadyCap Lending* involved a proposed amended complaint and a motion to dismiss, the court believes the same procedure should be followed when presented with a proposed amended complaint and a motion for summary judgment particularly where, as here, the initial motion to dismiss was converted to a motion for summary judgment.

[12] Accordingly, should the parties wish to renew their arguments regarding these issues in the future after the close of discovery, they may do so.

10

trustee and the pre-petition debtor is incomplete when the interests of the creditors and the debtor do not align).

Further, avoidance actions brought under the Bankruptcy Code do not arise prior to the filing of bankruptcy and do not belong to a debtor but rather belong to a debtor's creditors and are brought by a trustee on behalf of those creditors. *See In re Worldcom*, 401 B.R. at 646-47; *In re Bethlehem Steel Corp.,* 390 B.R. 784, 786 (Bankr. S.D.N.Y. 2008). *See also In re Cooley*, BK-98-13159B, 2001 U.S. Dist. LEXIS 1513, at *9, 2001 WL 135822, at *3 (W.D.N.Y. Feb. 9, 2001) (noting a trustee who exercises avoidance powers as a representative of the estate is not limited to the rights of the debtor but rather is vested with the rights of the creditor). "Accordingly, even if the party whose interest the trustee seeks to avoid has a valid defense against the debtor, 'it does not follow that an action taken by the trustee acting as the representative of [the debtor's] *creditors* must similarly fail.'" *Cooley*, 2001 U.S. Dist. LEXIS 1513, at *9, 2001 WL 135822, at *3 (quoting *In re Leasing Consultants Inc*., 592 F.2d 103, 107 (2d Cir. 1979)) (emphasis in original).

*Res judicata* requires that the litigants in the prior adjudication and the pending litigation be the same parties. *Cho v. Blackberry Ltd.*, 991 F.3d at 168; *Corbett v. MacDonald Moving Servs.,* 124 F.3d 82, 88 (2d Cir. 1997). The Trustee has brought her claims pursuant to her avoidance powers under Section 544, 11 U.S.C. § 544, on behalf of the Debtor's creditors in order to enhance the value of the estate. For the purpose of pursuing the avoidance action, the Trustee and the Debtor must be treated as different parties because the Debtor never possessed the right to pursue an avoidance action and thus the Trustee could not be the Debtor's successor. *Worldcom*, 401 B.R. at 649.

Even though the debtor and the estate are separate entities for purposes of bringing an avoidance action, *res judicata* is applicable if the litigants in the prior and current litigation are in privity. For purposes of a privity analysis a court must determine whether:

> (1) there is substantial identity of the incentives of the earlier party with those of the party against whom *res judicata* is asserted;…(2) the party in the second action was adequately represented in the first action by another vested with the authority of representation,…(3) there are successors to a property interest; (4) the party to the second action controls the first action although not a formal party to it; or (5) the party was a co-party to a prior action.

*Worldcom*, 401 B.R at 649-50 (internal quotation marks and additional citations omitted). *See also Montgomery Ward*, 634 F.3d at 738 (legal relationship between the trustee and the pre-bankruptcy debtor is incomplete when the interests of the creditors diverge from those of the debtor); *In re Rabinowitz*, Adv. No.10-02435 (DHS), 2011 Bankr. LEXIS 5131, at *29, 2011 WL 6749068, at *9 (Bankr. D.N.J. Dec. 21, 2011) (privity between parties can exist if the interests of the party against whom claim *res judicata* is asserted were represented in prior litigation).[13]

---

[13] The New York Court of Appeals has commented that New York state court "precedents have repeatedly explained that privity is not susceptible to a hard-and-fast definition." *Matter of People of the State of N.Y., by Eliot Spitzer, as Attorney Gen. v. Applied Card Sys., Inc.*, 894 N.E.2d 1, 12 (N.Y. 2008).

The Trustee and the Debtor do not have the same incentives. In the NY Action, the Debtor sought to rescind the transfer of the property for his own benefit. Here, the Trustee is primarily pursuing the recovery of rents for the benefit of the Debtor's creditors. An avoidance claim brought pursuant to Section 544 can only be brought by the trustee and the trustee does not bring an avoidance action for the benefit of the debtor, but for the benefit of the estate's creditors. *See* 11 U.S.C. §§ 544, 551. Because the Debtor and the Trustee have different incentives also negates any argument that the Debtor adequately represented the interests of his creditors while pursuing the NY Action. The Debtor could not have represented the interests of the estate because at the time of the NY Action the estate did not exist. For the same reasons, it cannot be said that the Debtor and the Trustee were co-parties. The Trustee and the estate are not successors to any interest of the Debtor because the Trustee's avoidance action never belonged the Debtor. Accordingly, the court concludes that because there is a lack of privity between the Trustee and the Debtor *res judicata* is inapplicable. *In re Fill*, 82 B.R. 200, 217 (Bankr. S.D.N.Y. 1987) (trustee in pursuit of an avoidable transfer is not deemed to be in privity with the debtor).

Even if the court had found that there was privity between the Trustee and the Debtor the court would conclude *res judicata* does not bar the Trustee's avoidance action because the claims are not identical. The court construes the Trustee's amended complaint to assert that the Acevedo Settlement itself is an additional act of fraud perpetrated by the 26 LLC Defendants. The Debtor did not and could not have raised this claim in the NY Action as the claim arises out of the settlement of the NY Action.[14]

### III.    MOTION TO QUASH DISCOVERY

The Motion to Quash discovery requests will be granted in part and denied in part. Regarding Document Requests addressed to Estates 26 the court overrules Estates 26's objections to Document Request No. 16 and Document Request No. 17. The Trustee has adequately explained the relevance of the requested bank account statements and tax returns to her claim for rents and alleged fraudulent transfers. Estates 26 is directed to produce the requested documents without delay.

Regarding the Document Requests addressed to Wurzberger, the court sustains Wurzberger's objection to Document Request No. 19. Any interest Wurzberger may have in entities other Estates 26 and Candor are not relevant at this point in the litigation, to the Trustee's claims of fraud committed against the Debtor. The Court sustains Wurzberger's objections

---

[14] To the extent, the 26 LLC Defendants argue the Acevedo Settlement cannot be considered an act of fraud because Debtor has never complained about the settlement or sought to undo the settlement, the lack of privity between the Trustee and the Debtor invalidates this argument. *See In re Earl Roggenbuck Farms, Inc.*, 51 B.R. 913, 917 (Bankr. E.D. Mich.) (when a trustee seeks to "enhance the value of the estate property, the party seeking to prevent avoidance of its interest may not raise any misconduct or malfeasance by the debtor as a defense."). A "trustee, in his capacity as trustee, is not estopped by the debtor's misconduct." *Id*. Representations made by the debtor to a creditor are not binding on the trustee because there is no privity between the trustee and the debtor, with the result that any estoppel is inapplicable as to the trustee. *Teiger v. Stephan Oderwald*, Inc., 31 F. Supp. 626, 627 (S.D.N.Y. 1940).

Document Request No. 23 and Document Request No 24. Wurzberger is not required to produce documents or tax returns related to any interests in entities other than Estates 26 and Candor.

The court overrules in part the Wurzberger's objection to Document to Request No. 13. Wurzburger is directed to produce the bank account statements in his name. Wurzberger is not required to produce bank account statements for entities other than Estates 26 and Candor in which he has an interest. The court overrules in part Wurzberger's objection to Document Request No. 14. Wurzberger is directed to produce his personal income tax return and schedules and tax documents related to Estates 26 and Candor. Wurzburger is not required to produce tax returns related to other entities.

With regard to the discovery requests addressed to Sinay, the court sustains Sinay's objection to Interrogatory No. 19, Document Request No. 23, and Document Request No. 24. The Trustee has not carried her burden to show that Sinay's interests in entities other than Estates 26 and Candor are relevant to her claims of fraud committed against the Debtor.

The court overrules in part the Sinay's objection to Document to Request No. 13. Sinay is directed to produce the bank account statements in his name. Sinay is not required to produce bank account statements for entities other than Estates 26 and in which he has an interest. The court overrules in part Sinay's objection to Document Request No. 14. Sinay is directed to produce his personal income tax return and schedules and tax documents related to Estates 26 and Candor. Sinay is not required to produce tax returns related to other entities.

The court overrules Sinay's objection to Interrogatory No. 16. The Trustee has alleged relevance to her claims of fraud. Sinay is directed to identify funds paid, disbursed or otherwise transferred by Candor to, or for the benefit of Estates 26, Sinay, and Wurzberger.

With regard to the discovery requests addressed to Candor the court overrules its objection to Interrogatory No. 16, which is identical to Interrogatory 16 addressed to Sinay. The court also overrules Candor's objection to Document Request No. 21 which requests production of documents related to funds paid, disbursed or otherwise transferred by Candor to, or for the benefit of Estates 26, Sinay, and Wurzberger.

The court sustains Candor's objection to Document Request No. 20. The Trustee has not shown the relevance of the names, addresses, and contact information of other business entities that may have an interest in Candor, or the relevance of K-1s issued to those entities.

The Trustee has withdrawn Document Request Nos. 14 and 15 addressed to Candor.

## CONCLUSION

The Trustee is permitted to amend her complaint. The now seconded amended complaint survives summary judgment because the *res judicata* is not applicable due to the lack of privity between the Trustee and the Debtor. The Motion to Quash is granted in part and denied in part as set forth above. The court has issued and order simultaneously herewith.

The court will conduct and in person status conference on October 14, 2025 at 2:00 p.m. at which time all parties will be required to appear.

Date: September 15, 2025            /s/ Andrew B. Altenburg, Jr.
                                    Judge, United States Bankruptcy Court