**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>Juan Alberto Acevedo Hernandez,<br><br>Debtor. | Case No.: 22-14525-ABA<br><br>Chapter: 7 |
| Andrea Dobin, Chapter 7 Trustee,<br><br><br>Plaintiff<br><br>v.<br><br><br>St. Andrews Estates 26, LLC, et al.<br><br>Defendants | Adv. No.: 22-01241-ABA<br><br><br>Judge: Andrew B. Altenburg, Jr.<br><br><br>Hearing Date:  April 7, 2026 |

**MEMORANDUM DECISION**

Before the court is the Motion of the Defendant/Counterclaim Plaintiff/Crossclaim Plaintiff Express Homebuyers Corp. ("EHC") for: (A) Partial Summary Judgment against the Plaintiff Andrea Dobin, Chapter 7 Trustee ("Trustee") and Default Judgment Against the Cross-Claim Defendants, St. Andrews Estates 26, LLC, Candor Capital, LLC, Schlomo Sinay, and Charles Wurzburger a/k/a/ Chaim Wurzberger (collectively, the "St. Andrews Defendants"); (B) For Relief from the Automatic Stay; and (C) Permitting Filing an Amended Pleading to Assert Cross Claims Against Candor Capital, LLC and Amend its Counterclaim Against the Plaintiff (the "Motion"), Doc. No.177, and related *Cross Motion for Partial Summary Judgment as to the Seventh Count of the Complaint and as to Counts III, IV, and V of the Counter Claim for a Declaratory Judgment that Express Homebuyers Corp. does not have an interest in the Rent from the Property Prior to the Execution of the Deed by the Sheriff* filed by the Trustee (the "Cross-Motion"). Doc. No. 181. After briefing and a hearing on the Motion and Cross-Motion, the court concludes there are no genuine issues of material fact as EHC, as equitable owner of certain property, because of a previously negotiated court order and because it merely had the rights accompanying a mortgagee, without more, EHC is not entitled to rents. Consequently, the court grants the Trustee's Cross-Motion in full and denies EHC's Motion.

## JURISDICTION

This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), (K) and (O), and the court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334, 157(a), and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL HISTORY

Before the court is the adversary proceeding initiated by the Trustee against the St. Andrews Defendants, EHC, and others. Doc. No. 1, as amended, Doc. No. 13 (collectively, the "Complaint"). Currently before the court is the Motion and what appears to be a duplicative pleading in support of the Motion – Doc. No. 179 (collectively with the Motion, still the "Motion"), and the Cross-Motion. EHC filed opposition to the Cross-Motion. Doc. No. 184. The St. Andrews Defendants filed opposition to the Motion. Doc. No. 185. The court conducted a hearing on the Motion on April 7, 2026. The hearing is concluded, and the record is closed. This matter is now ripe for disposition.

## FACTS

The Motion and Cross-Motion are related to a dispute over real property located at 26 St. Andrews Place, Brooklyn, New York (the "Property"), and in turn, the rental income that has accrued since the purchase agreement between Debtor Juan Alberto Acevedo Hernandez and EHC entered on September 7, 2011. *See* Doc. Nos. 71, p. 16, ¶ 15 and 105-5. The purchase price for the Property was $250,000.00 subject to a short sale. *See* Doc. Nos. 105-3, ¶ 14 – 15. As noted in its *Amended Answer, Affirmative Defenses, Counterclaim and Crossclaim* in this matter, EHC did not pay the purchase price for the Property. Doc. No. 71, p. 16, ¶ 15. Then, on February 23, 2012, EHC commenced an action against the Debtor for specific performance of the sale agreement in the Supreme Court of New York, County of Kings, Index No. 4343/2012 (the "NY Action"). On April 3, 2015, EHC filed an amended complaint in the NY Action adding St. Andrews Estates 26, LLC as a defendant. The NY Action was settled in 2019 by an order approved by the state court (the "2019 Order"). Doc. No. 105-8. The 2019 Order provided for specific enforcement of the sale contract entered into by the Debtor and EHC and voided the deed between the Debtor and St. Andrews Estates 26 upon fulfillment of certain conditions.[1] The 2019 Order did not provide EHC with entitlement to rent.

On December 27, 2024, in deciding EHC's prior Motion for Summary Judgment, Doc. No. 105, this court found, *inter alia*, that the parties were bound by the 2019 Order entered in the NY Action, conditions were not met, and therefore, granted stay relief for the parties to go back to

---

[1] For the sake of brevity, the court's previous opinion detailing the tortured history related to the Property is incorporated herein. *See* Doc. No. 163.

New York state court and seek a final determination of the parties' rights under the 2019 Order. *See* Doc. Nos. 127 and 134, *Oral Opinion* and *Order Granting in part, and Staying in Part Motion for Summary Judgment filed by Express Homebuyers Corp.*

After obtaining stay relief, EHC continued prosecution of the NY Action. The Trustee did not enter an appearance or seek any relief in the NY Action. Ultimately, the court in the NY Action entered an order on June 25, 2025, directing the Sheriff to convey the Property to EHC pursuant to the 2019 Order and voiding the transfer of the deed dated June 24, 2013 (the "2025 Order"). Doc. No. 177-3. The 2025 Order is silent as to any other relief to be afforded to EHC.[2]  On August 13, 2025, EHC finally received title to the Property via Sheriff's Deed and has been collecting rents from the tenants since December 1, 2025. Doc. No. 177-1, ¶19 and Ex. B.

## **DISCUSSION**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(a), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must construe facts and inferences in a light most favorable to the non-moving party. *See e.g. Lemaire v. Hartford Life & Acc. Ins. Co.,* 69 F. App'x 88, 91 (3d Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Property interests, including ownership interests and a mortgagee's rights to rents are defined by state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136 (1979). *See also In re Smith*, 262 B.R. 594, 600 (Bankr. E.D.N.Y. 2001) ("Property rights, and the rights of claimants in and to real property, are determined by state law.") and *In re Fontaine*, 231 B.R. 1, 5 (Bankr. D.N.J. 1999) ("It is basic that property rights are determined by state law."), both citing *Butner*. Here, the parties do not dispute that New York law applies.

In its Motion, EHC argues that it has been the equitable owner of the property since it entered into the sale agreement with the Debtor in September 2011 and thus is entitled rents from various parties at various times from the time the closing on the Property was to occur. *See generally* Doc. Nos. 177- 6 and 179 – 6. It argues that the Trustee and the Defendants must account for and turnover to EHC all rents less any property-related expenses they can prove they paid. EHC further contends that the Defendants did not pay real property taxes and insurance because the holder of the mortgage has done so and added those advances to the amount owed on the mortgage, thereby leaving EHC with that obligation which it argues should have been paid from the rents. Doc. Nos. 177-1, p. 5 ¶ 20 – 8 ¶29 and 179-1, p. 5 ¶ 20 – 8 ¶29. Finally, EHC requests

---

[2] Interestingly, in signing the 2025 Order, the court stuck language pertaining to requirements set forth in the 2019 Order.

permission to amend its answer in this adversary proceeding again to assert cross claims against Candor Capital, LLC, related to the rents. *See generally* Doc. Nos. 177-6 and 179-6.

EHC further argues that as a result of it filing a notice of pendency in 2013 in connection with the NY Action, it is entitled to all rents collected by third parties from the date of its filing. EHC posits that a Notice of Pendency binds any nonparty transferee to the proceedings determining the rights to the subject property, and the lien of the judgment arising therefrom dates back to the time of filing. As such, EHC argues it is entitled to an accounting and turnover of all rents collected by third parties from the date of the filing of its notice of pendency. *See generally* Doc. No. 177-6 and 179-6.

In her Cross Motion, the Trustee seeks partial summary judgment against EHC as to the 7th Count of the Complaint seeking a determination of the extent and validity of lien, claim or interest of EHC because EHC has no interest in the Property or the proceeds thereof and is also seeking a declaratory judgment that EHC does not have any interest in the rents collected from the Property before the execution of the deed by the sheriff. The Trustee argues the 2019 Order in the NY Action created a new and binding contract between the parties, extinguishing previous rights that predate the 2019 Order and fully resolving the NY Action. And while the Trustee concedes that under New York Law, the contract of sale provides EHC with the title of "equitable owner," she argues that EHC does not have a right to turnover of rents without more.

The Trustee also disputes EHC's argument that the filing of the Notice of Pendency created a right to the rents. Lastly, the Trustee argues EHC's claim for the rent from the Property is barred by the Doctrine of Laches and EHC is not entitled to any further documentation from the Trustee as to the rents collected by the estate. Doc. No. 181, pp. 9 and 14-15.

There is no dispute between the parties that EHC is the equitable owner of the Property. Doc. No. 181-1, p. 11. *See also Bean v. Walker*, 95 A.D.2d 70, 72, (Sup. Ct. App. Div. 1983) ("It is well settled that the owner of the real estate from the time of the execution of a valid contract for its sale is to be treated as the owner of the purchase money and the purchaser of the land is to be treated as the equitable owner thereof.") (citing *New York Cent. & H.R.R. Co. v. Cottle*, 187 A.D. 131, 144, 175 N.Y.S. 178 (App. Div. 1919), *aff'd sub nom. New York Cent. & Hudson River R.R. Co. v. Cottle*, 229 N.Y. 514, 129 N.E. 896 (1920)). The split here between the parties is as to what rights EHC has as an equitable owner of the Property.

To support its position that as equitable owner it was entitled to the rents, EHC cites to *Van Curler Dev. Corp.* v. *City of Schenectady*, 59 Misc. 2d 621, 300 N.Y.S.2d 765 (Sup. Ct. 1969) which held:

> The question remains as to the proper disposition of the rents. The vendee of real property is the equitable owner thereof (*Carthage Tissue Paper Mills v. Carthage*, 200 N.Y.1, 93 N.E. 60; *Williams v. Haddock*, 145 N.Y. 144, 39 N.E. 825), the vendor holding the legal title as security for the consideration and as trustee for the vendee . . . Whether the deeds were ever actually executed does not appear, but equity will regard as done that which ought to have been done. ***The purchasers thus became the equitable owners as of the dates when the purchase prices were paid.*** As such,

they were the owners to all intents and purposes. . . . They were entitled to receive the rents thereafter accruing (*Nellis v. Lathrop*, 22 Wend. 121), and the city could not recover the same (*Matter of Whitney*,144 App.Div. 117, 128 N.Y.S. 1034, appeal dismissed 202 N.Y. 580, 96 N.E. 1134). It follows that plaintiffs are entitled to an accounting by the city for the rents it has collected since April 1, 1968.

*Van Curler* 59 Misc. 2d at 629, 300 N.Y.S.2d at 775–76 (emphasis added). For further support, EHC also cites to *Young v. Overbaugh*, 27 N.Y.S. 553 (Gen. Term 1894), aff'd, 145 N.Y. 158, 39 N.E. 712 (1895) finding that:

the property belonged to her ***from the time of the performance on her part*** of the things that have been done by her. In equity, the property was as much hers from that time forth, as if a deed thereof had been executed then. It should have been given then. In equity, it was given then. (citation omitted) She being then the equitable owner, the rents were equitably hers…

*Young*, 27 N.Y.S. at 558 (Gen. Term 1894), aff'd, 145 N.Y. 158, 39 N.E. 712 (1895) (emphasis added). Relying on these cases, EHC contends it is entitled to an accounting and turnover of all rents collected from the parties from the date set forth in the original sale agreement.

To support her position, the Trustee argues the 2019 Order in the NY Action created a new and binding contract between the parties, extinguishing previous rights and fully resolving the NY Action per *Cooper-Jarrett, Inc. v. Cent. Transp., Inc.*, 726 F.2d 93 (3d Cir. 1984) which holds "with general principles governing settlement agreements, since a settlement 'extinguishes those legal rights [which the party] sought to enforce through litigation in exchange for those rights secured by the contract.' *Village of Kaktovik v. Watt,* 689 F.2d 222, 230 (D.C.Cir.1982)." *Cooper-Jarrett*, 726 F.2d at 96. Doc. No. 181, p. 6. The Trustee posits that while EHC focuses on the NY Action and the Notice of Pendency, those rights and issues were resolved by the 2019 Order. Allegations, rights and contentions that predate the 2019 Order were resolved by the 2019 Order thereby making EHC's argument void.

And while the Trustee concedes that under New York law that EHC is the equitable owner of the Property, she argues that "[w]here sale of real property is evidenced by contract only and the purchase price has not been paid and is not to be paid until some future date in accordance with the terms of the agreement, the parties occupy substantially the position of mortgagor and mortgagee at common law." *Bean v. Walker*, 95 A.D.2d 70, 73, 464 N.Y.S.2d 895 (1983). The NY Order entered by the Court directed the transfer of the Property to EHC without return compensation, and the 2019 Order does not require EHC to make any payment in exchange for receipt of title to the Property. Doc. No. 105, Ex. E. In addition, the 2019 Order does not provide for turnover of rental income, nor is there a mention of EHC having any right to rental income prior to the execution of the 2019 Order or the period after the 2019 Order. As a result, because EHC has only mortgagee rights, it does not have a right to turnover of rents without a court order and appointment of a rent receiver, neither of which have occurred in the NY Action or the litigation before this court. *See Klingenstein v. Coolidge Holding Co.*, 227 A.D. 427, 428, 237 N.Y.S. 468 (App. Div. 1929).

The Trustee also disputes EHC's argument that the filing of the Notice of Pendency created a right to the rents because the "notice of pendency does not create an encumbrance or a lien but merely provides notice that an action is pending which may affect title to real property." *Colombo v. Caiati*, 129 Misc. 2d 338, 340, 493 N.Y.S.2d 244, 246 (Sup. Ct. 1985), *aff'd,* 131 A.D.2d 532, 516 N.Y.S.2d 476 (1987). Nonetheless, the 2019 Order constituted a final judgment concluding the subject litigation, and the effectiveness of the Notice of Pendency terminated with its entry.

Lastly, the Trustee argues EHC's claim for the rent from the Property is barred by the Doctrine of Laches and EHC is not entitled to any further documentation from the Trustee as to the rents collected by the estate. Since EHC is not entitled to any of the rental income from the Property, EHC is not entitled to leave to amend the Complaint to assert such a claim.

In reviewing the arguments and case cited, the court finds the Trustee's position compelling and more persuasive. The court has already held that the parties were bound by the 2019 Order.[3] *See* Doc. No. 134. The court also agrees that the 2019 Order in the NY Action created a new and binding contract between the parties, extinguishing previous rights and fully resolving the NY Action. "A negotiated consent order is a contract and becomes a court decree." *In re Mortellite*, No. 17-21818-ABA, 2017 WL 6276099, at *3 (Bankr. D.N.J. Dec. 8, 2017) (citing *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986)). A stipulation of settlement [in a legal proceeding] is "a legally binding, independent contract between the parties." *Bell v. Bell,* 151 A.D.3d 1529, 1529, 54 N.Y.S.3d 776 [3d Dept. 2017]; *see Daryl N. v. Amy O.,* 222 A.D.3d 1054, 1057, 201 N.Y.S.3d 741 [3d Dept. 2023]; *Harris v. Schreibman,* 200 A.D.3d 1117, 1124, 160 N.Y.S.3d 349 [3d Dept. 2021]). *Matter of Est. of Telian*, 239 A.D.3d 1107, 1109, 237 N.Y.S.3d 298, 301 (2025). *See also Ficel Transp., Inc. v. State*, 209 A.D.3d 1153, 1155, 177 N.Y.S.3d 356, 359 (2022) ("settlement agreement is a contract") and *Harris v. Pitts*, No. CIV. A. 98-CV-5479, 2001 WL 1160004, at *1 (E.D. Pa. Sept. 4, 2001) ("a settlement agreement creates a new contract between the parties") (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 381 (1994)).

But the contract here did not require the turnover of rental income that was collected from any party to EHC. Instead, the 2019 Order required, in addition to some unrelated items, only the transfer of the Property if timely payment was not made. *See* Doc. No. 105, Ex. E. Perhaps the "longer settlement agreement" referred to in the 2019 Order might have given EHC rights to rental payments but who knows? No such agreement was produced or even discussed by EHC. Finally, with all that, EHC had its opportunity to raise its claim for turnover of the rental income as equitable owner of the Property when the court granted it relief from the automatic stay "to continue the litigation in the NY Action to enforce its rights under the 2019 Order." Doc, No. 134, ¶ 2. EHC chose not to, and the court will not allow it to take another bite at the apple when it failed to seize its opportunity when it had the chance. The 2019 Order contained no direction on the payment of rent. That omission is damning to EHC's claim. *See Klingenstein*, 227 A.D. at 428, 237 N.Y.S. 468. As the Third Circuit instructs:

---

[3] The law of the case doctrine "prevents reconsideration of legal issues already decided in earlier stages of a case… and affects only issues that were 'expressly' or 'necessarily resolved' by prior decisions in the same case." *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023) (internal citations omitted).

The parties agreed to entry of the Consent Judgment, and we are bound to interpret it "within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *United States v. Armour & Co.*, 402 U.S. 673, 682, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971). This is because "consent judgments should be interpreted in a way that gives effect to what the parties have agreed to, as reflected in the judgment itself or in documents incorporated in it by reference." *SEC v. Levine*, 881 F.2d 1165, 1179 (2d Cir. 1989).

*Sovereign Bank v. REMI Cap., Inc*, 49 F.4th 360, 367–68 (3d Cir. 2022). Within its four corners, the 2019 Order is devoid of any mention of EHC's entitlement to rent. Giving effect to the parties' intent, the court cannot conclude that EHC is entitled to recovery of rent before EHC took possession of the Property through the Sheriff's Deed. The fact that the 2025 Order is also silent as to rent supports a finding that payment of rent was never contemplated or agreed to by the parties, nor something EHC was entitled to under the parties' agreement.

What is more, "[w]hile the vendee of a contract for the purchase of real estate is called the equitable owner of the premises he does not have title to the property but only a right to specific performance, and his equitable lien upon it, in the absence of an agreement otherwise providing, is limited to the amount that he has paid upon the purchase price." *Davison v. MacDonald*, 124 Misc. 726, 729, 209 N.Y.S. 145 (Sup. Ct. 1925), *aff'd,* 216 A.D. 759, 214 N.Y.S. 825 (App. Div. 1926). There was no agreement produced evidencing that EHC was entitled to rents on the Property. The 2019 Order is silent as to entitlement of rents. The 2025 Order does not provide for payment of rents. Absent all of this, EHC, as equitable owner, has no legal claim for entitlement to rent before EHC took possession of the Property through the Sheriff's Deed.

The 2025 Order simply directed the transfer of the Property to EHC without return compensation, and the 2019 Order does not require EHC to make any payment in exchange for receipt of title to the Property. The court finds that although EHC is the equitable owner of the Property, "[w]here sale of real property is evidenced by contract only and the purchase price has not been paid and is not to be paid until some future date in accordance with the terms of the agreement, the parties occupy substantially the position of mortgagor and mortgagee at common law." *Bean v. Walker*, 95 A.D.2d 70, 73, 464 N.Y.S.2d 895 (1983). Indeed, even EHC cites *Bean v. Walker*, in its Motion and acknowledges that "the vendees herein occupy the same position as the mortgagor at common law; both have an equitable title only, while another person has a legal title" *Id*. at 74, and claiming EHC is a "bona fide vendee." Doc. No. 177-6, p. 5. Indisputably, EHC stands/stood in the shoes of a mortgagee.

And since neither the 2019 Order nor the 2025 Order provide for turnover of rental income prior to the execution of the 2019 Order or the period after the 2019 Order, and because EHC has only mortgagee rights, it does not have a right to turnover of rents from the Property without the appointment of a rent receiver or having taken possession of the property. *U.S. Bank Nat'l Ass'n v. Mave Hotel Invs. LLC,* 237 A.D.3d 512, 516, 232 N.Y.S.3d 474, 478 (2025) ("a mortgagee is not entitled to collect rents until there has been a default and either a receiver has been appointed or the mortgagee has taken possession of the property due to the equitable lien created by a mortgage") (citing *New York Life Ins. Co. v. Fulton Dev. Corp.*, 265 N.Y. 348, 352, 193 N.E. 169 (1934)). *See also Laura Andrew, Inc. v. DLRA Grp., LLC*, 62 Misc. 3d 615, 619, 90 N.Y.S.3d 829,

833 (N.Y. Sup. 2018) ("In the absence of a contract provision to the contrary, after a default, the mortgagee must take some action to enforce its security interest in the rent, such as appointing a receiver to collect the rents, taking possession of the property, commencing foreclosure proceedings, or seeking an order for sequestration of rents …") and *Klingenstein*, 227 A.D. at 428, 237 N.Y.S. 468. Having failed to take any steps to preserve its alleged rights in the rents from the Property, EHC is not entitled to rent before it took possession of the Property through the Sheriff's Deed.

The court is not persuaded at all by the case law cited by EHC to support its position that as equitable owner of the Property, it is entitled to the rents. Each case's facts are easily distinguishable from those before the court. In *Van Curley Dev. Corp.*, 59 Misc. 2d 621, 300 N.Y.S.2d 765, the court found that the party became equitable owner as of the date when they paid the purchase price. In *Young v. Overbaugh*, 27 N.Y.S. 553, the party became the equitable owner by making improvements to the property. Here, EHC never paid the purchase price under the original contract nor anything under the 2019 Order or 2025 and certainly did not make improvements to the Property. If anything, the cases cited by EHC stand for the proposition that something more is required before an equitable owner is entitled to payment of rent — and thus makes the Trustee's position more persuasive.

Based upon the foregoing, EHC's arguments about the notice of pendency are irrelevant. *See 141 Sunnyside LLC v. M. Zoarez, Inc.,* 41 Misc. 3d 1224(A), 981 N.Y.S.2d 637 (Sup. Ct. 2013) ("A notice of pendency, however, does not create any rights that do not already exist and is no substitute for the recording of a conveyance or contract") (citing *DLJ Mtg. Capital, Inc. v. Windsor,* 78 A.D.3d 645, 647, 910 N.Y.S.2d 160 [2d Dept 2010])). Regardless, the "purpose of a notice of pendency is to afford constructive notice from the time of the filing so that any person who records a conveyance or encumbrance after that time becomes bound by all of the proceedings taken in the action." *2386 Creston Ave. Realty, LLC v. M-P-M Mgmt. Corp.,* 58 A.D.3d 158, 161, 867 N.Y.S.2d 416, 419 (2008) (citing *Corporation of Presiding Bishop of Church of Jesus Christ of Latter–Day Saints v. Solow Bldg. Corp.,* 52 A.D.2d 533, 534, 381 N.Y.S.2d 887 [1976])). Therefore, to the extent the Notice of Pendency had any impact, it merely bound any future parties to the outcome of the New York Action. The court also agrees with the Trustee that the allegations, rights, and contentions that predate the 2019 Order, the NY Action and the Notice of Pendency, were resolved by the 2019 Order thereby making EHC's argument irrelevant here.

Finally, the dispute over the Property and its proceeds has been fully resolved by the 2019 Order and confirmed by the subsequent 2025 Order. EHC now has title to the Property following the execution of the deed by the sheriff.  EHC is not entitled to the rents prior to the execution of the deed by the sheriff. Therefore, it is not entitled to an accounting or more documentation related thereto for rent before it took possession of the Property through the Sheriff's Deed. Furthermore, EHC may not amend its answer in this adversary proceeding to assert cross claims related to the rents against Candor Capital, LLC for rent before it took possession of the Property through the Sheriff's Deed because it was not entitled to collect any rents.

In light of the foregoing, the court need not address any of the remaining arguments or requests for relief made by the Trustee as they are superfluous. Likewise, any and all other relief requested by EHC and not specifically addressed herein is DENIED.

**<ins>CONCLUSION</ins>**

For the foregoing reasons, there are no genuine issues of material fact, and the court grants the Trustee's Cross Motion in full.

EHC's Motion for Summary Judgment is DENIED. Nevertheless, within thirty (30) days of the Order issued in connection with this Opinion becomes final, the Trustee shall provide an accounting of and pay to EHC any and all rents received, if any, and items paid with those rents, if any, for the period after EHC took possession of the Property through the Sheriff's Deed.

Dated: June 5, 2026                                  /s/ Andrew B. Altenburg, Jr, Judge
                                                    United States Bankruptcy Court
                                                    For the District of New Jersey